IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
Houston Division

| | |
|---|---|
| STARVING STUDENTS, INC., a California corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>S AND S STARVING STUDENT MOVERS, INC., a Texas corporation, NEW ORLEANS STARVING STUDENT MOVERS INC., a Louisiana corporation, S AND S MOVING, INC., a Louisiana corporation, DEBRYNNT P. MCDUFFIE, an individual, and PAUL BARNETT, an individual,<br><br>    Defendants. | Civil Action No. 4:12-cv-03308<br><br>JURY TRIAL DEMANDED |

**MEMORANDUM AND ORDER**

Plaintiff Starving Students, Inc. brought this action against Defendants S and S Starving Student Movers, Inc., New Orleans Starving Student Movers, Inc., S and S Moving, Inc., Debrynnt P. McDuffie, and Paul Barnett for trademark counterfeiting, trademark infringement, unfair competition, cyberpiracy, and false designation of origin under federal and Texas law, as well as for violations of the civil RICO statute. (Doc. No. 1.)

On March 6, 2013, the Court entered an Order (the "Preliminary Injunction Order") granting Plaintiff's Motion for a Preliminary Injunction. (Doc. No. 24.) Among other things, the Court enjoined Defendants from using the mark STARVING STUDENTS and ordered Defendants to "revise or cause to be revised their telephone directory listings, in print or on the internet, such that 'Starving Students' will no longer be listed in connection with Defendants' phone listings." (*Id*. at 3.) The Court also ordered Defendants to "take all necessary steps to

stop third parties from using Plaintiff's STARVING STUDENTS Marks in connection with the advertising or promotion of Defendants' services, including by contacting all Yellow Pages providers, and online information or service providers, who are using Plaintiff's STARVING STUDENTS Marks to refer to Defendants, and instructing those persons to immediately stop using those marks and send a copy of this Order to all such persons." (*Id*.)

On May 15, 2013, the Court entered an Order (the "Contempt Order") finding Defendants in contempt of the Preliminary Injunction Order. (Doc. No. 35.) The Court found that Defendants failed to shut down domain names specifically enjoined, and that Defendants continued to hold themselves out as "Starving Students." (*Id*. at 1-2.) The Court ordered Defendants to pay Plaintiff sanctions in the amount of $14,500 by May 30, 2013. (*Id*. at 2.)

On January 10, 2014, Defendant S and S Moving, Inc. filed a Notice of Bankruptcy. (Doc. No. 42.) The bankruptcy filing automatically stayed the case as to Defendant S and S Moving, Inc., but had no effect on the case against the other four Defendants. (Doc. No. 43.) The Court entered Default Judgment in favor of Plaintiff Starving Students, Inc. on all counts of its Complaint on February 12, 2014, against Defendants S and S Starving Student Movers, Inc., New Orleans Starving Student Movers, Inc., S and S Moving, Inc., Debrynnt P. McDuffie, and Paul Barnett ("Remaining Defendants"). (Doc. No. 45.) In its Order, the Court awarded Plaintiff sanctions in the amount of $223,000 based on the Remaining Defendants' continued violation of the Court's Preliminary Injunction Order, in addition to the $14,500 in sanctions previously ordered. The Court requested the parties submit briefing on the scope of injunctive and monetary relief that Plaintiff should receive in light of the Court's entry of Default Judgment against the Remaining Defendants.

In response to the Court's request for additional briefing, Remaining Defendants argued

that Defendant McDuffie is the only party who can be ordered to provide Plaintiff's relief in this case. (Doc. No. 56.) Remaining Defendants argued that Defendants S and S Starving Student Movers, Inc. and New Orleans Starving Student Movers have forfeited their existence and were never served. Remaining Defendants further stated that Defendant McDuffie has no knowledge of a real person named Paul Barnett and that Plaintiff has submitted no proof that Paul Barnett was ever served. (*Id.*)

Remaining Defendants place the Court in an awkward position. For nearly two years, the Court has received submissions on behalf of *all* Defendants in this case. However, Defendant McDuffie and Remaining Defendants' counsel have also stated to the Court that Paul Barnett is unknown to them and has never properly been served. It appears that Defendant Barnett did not consent to representation by Remaining Defendants' counsel and, as a result, has had no presence in this case whatsoever. Default Judgment against Paul Barnett is therefore improper.

After reviewing the parties' filings and oral arguments and the applicable law, the Court **HEREBY ORDERS as follows:**

1. The Order on Default Judgment and Sanctions is hereby **VACATED** as to Defendant Paul Barnett. The Plaintiff's claims against Defendant Barnett are hereby **DISMISSED** with prejudice.

2. Defendants McDuffie, S and S Starving Student Movers, Inc., and New Orleans Starving Student Movers ("McDuffie Defendants"), their employees, owners, agents, officers, directors, attorneys, representatives, affiliates, subsidiaries, successors, and assigns, and all those in active concert or participation with them or having knowledge of the causes of action, are permanently enjoined from using or registering Plaintiff's STARVING STUDENTS mark, including SS, S&S, any name or mark that contains the word STARVING or the words

- 4 -

STUDENT or STUDENTS, alone or in combination with any other word(s), term(s), designation(s), mark(s), and/or design(s), as well as all similar marks, including "S&S Moving" and "SS Movers."

3. McDuffie Defendants shall deliver up for destruction all literature, signs, billboards, labels, prints, packages, wrappers, containers, advertising materials, stationery, and other items in their possession, custody, or control that use STARVING STUDENTS, or STARVING or STUDENT or STUDENTS, alone or in combination with any other word(s), term(s), designation(s), mark(s), and/or design(s), as well as all similar marks, including "S&S Moving" and "SS Movers" pursuant to 15 U.S.C. § 1118.

4. McDuffie Defendants shall immediately transfer the domain names *starvingstudentmovingco.com*, *starvingstudentmovers.net*, *starvingstudentsmoversofneworleans.com*, and *houstonstarvingstudentmoving.com* to Plaintiff, along with any other domains registered by or on behalf of Defendants that contain the words STARVING STUDENTS, or the word STARVING or the words STUDENT or STUDENTS or any similar terms, including "SS." If Defendants no longer possess said domain names due to bankruptcy proceedings or failure to maintain, Defendants shall assist the transfer and registration of said domain names to Plaintiff.

5. McDuffie Defendants shall immediately transfer all telephone numbers to Plaintiff associated with the unlawful businesses, Yellow Pages advertising, internet advertising and/or Facebook advertising identified above, and cancel all advertising featuring Plaintiff's STARVING STUDENT marks or similar marks.

- 5 -

6. McDuffie Defendants shall cancel all corporate name filings, registrations and reservations in any state containing STARVING STUDENTS, STARVING, STUDENTS and/or STUDENT.

7. Defendants shall immediately dissolve all business entities taking part in the enterprise, including by cancelling all federal and state moving licenses and permits, including all UDOTs and all licenses and permits provided in Texas and Louisiana naming any of the Defendants.

8. McDuffie Defendants shall furnish a copy of this Order to the United States Department of Transportation, Federal Motor Carrier Safety Administration; the Louisiana Public Service Commission; the Louisiana Division of Motor vehicles; the Texas Division of Motor Vehicles; and the Attorneys General in Louisiana and Texas.

9. McDuffie Defendants shall file with the Court and serve on Plaintiff, within thirty (30) days after entry of this Order, a report in writing under oath setting forth in detail the manner in which Defendants have complied with the Court's injunction. Failure to do so will result in contempt sanctions.

10. To date, Defendants have failed to pay Plaintiff the $14,500.00 sanctions award based on their conduct leading up to the Court's Contempt Order (Doc. No. 35). McDuffie Defendants shall pay Plaintiff this amount within thirty (30) days of the entry of this Order.

11. To date, Defendants have failed to pay Plaintiff the $223,000 sanctions award based on the McDuffie Defendants' continued violation of the Court's Preliminary Injunction Order (Doc. No. 35). McDuffie Defendants shall pay Plaintiff this amount within thirty (30) days of the entry of this Order.

12. McDuffie Defendants shall pay statutory damages to Plaintiff for trademark counterfeiting in the amount of $200,000 under 15 U.S.C. § 1117(c).

13. McDuffie Defendants shall pay Plaintiff an award of reasonable attorneys' fees and costs of $29,500.00.

14. McDuffie Defendants are liable for this amount, $467,000, jointly and severally.

15. Plaintiff is authorized to furnish a copy of this Order to any domain name registrar, telephone company, internet service provider, federal or state government agency or to any other third party in order to secure McDuffie Defendants' compliance with its terms.

**IT IS SO ORDERED.**

**SIGNED** on this the 29th day of September, 2014.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE